IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 6, 2008

## STATE OF TENNESSEE v. PAUL DAVID JAMES, JR.

**Appeal from the Circuit Court for Grundy County**
**No. 4329    Thomas W. Graham, Judge**

---

**No. M2007-02120-CCA-R3-CD - Filed June 24, 2008**

---

The Appellant, Paul David James, Jr., appeals the sentencing decision of the Grundy County Circuit Court. Pursuant to a plea agreement, James pled guilty to one count of aggravated burglary, with the trial court determining the sentence length and manner of service of the sentence. After a sentencing hearing, the trial court sentenced James to five years in the Tennessee Department of Correction. On appeal, James challenges the length and manner of the sentence, arguing that the trial court improperly considered his lengthy history of dismissed criminal charges in enhancing the sentence two years above the statutory minimum and in denying alternative sentencing. After a thorough review of the briefs of the parties and the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, SR.J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Philip A. Condra, District Public Defender; and Robert Morgan, Assistant Public Defender, Jasper, Tennessee, for the Appellant, Paul David James, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven Strain, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background & Procedural History**

A Grundy County grand jury indicted the Appellant for one count of aggravated burglary and one count of theft of property valued at one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000). The offenses were alleged to have occurred on July 17, 2006. The Appellant was declared indigent and appointed counsel. Subsequently, the Appellant pled guilty to aggravated burglary, a Class C felony, and agreed to be sentenced as a Standard, Range I offender.[1]

---

[1]As provided by the plea agreement, the charge of theft was retired by the State.

The facts underlying the case, as recited by the State and admitted by the Appellant at the guilty plea hearing, are as follows:

> Judge, if this matter came to trial the State would be calling Investigator Ron Bess of the Grundy County Sheriff's Department as well as other witnesses. They would testify [that on] July the 17th of 2006, in Grundy County that [the Appellant] did burglarize the residence of Terry and Judy Winton. That he broke in, he stole a quantity of jewelry from the residence [and] that an eye witness advised she had seen [the Appellant] enter into the residence. Also had seen the jewelry, which he had, in fact, offered to sell to her, and that's essentially what the State's proof would be in this case.

A presentence report was prepared, and a sentencing hearing was held before the trial court. The presentence report and victim impact statement were the only exhibits admitted at the hearing, and the State called no witnesses. The twenty-seven-year-old Appellant testified that, on the date of the offense, he opened the door of the residence of Mr. and Mrs. Winton, went inside the house, took the victim's jewelry, and then left. He testified that he was abusing "Xanax," alcohol, and marijuana at the time he committed the offenses. At the conclusion of the hearing, the trial court ordered the Appellant to serve five years in the Department of Correction. The Appellant timely appealed this judgment.

**Analysis**

The Appellant contends that the trial court "erred when it relied in part upon criminal charges in sentencing the [Appellant] to five (5) years in the Tennessee Department of Correction." He argues that the trial court "recited from the presentence report the [Appellant]'s numerous arrests (charges) that did not result in convictions" and that the court "appeared to consider these arrests in determining that the [Appellant] had a history of criminal behavior, which it later used in part to enhance the length of the [Appellant]'s sentence and in denying him an alternative sentence." The Appellant submits that focusing upon his previous history of charges not resulting in convictions violates his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Based upon the Appellant's argument, although not specifically contained within the issue presented for review, we proceed to review his challenges both to the length and to the manner of the sentence imposed by the trial court.[2]

In response, the State argues that although the trial court "expressed concern that the [Appellant] had been charged with other crimes more than twenty times[,]" it asserts that the record clearly demonstrates that the court actually did not give any weight to the Appellant's arrests, but

---

[2]The Appellant's issue is framed: "Whether the Court failed to comply with the 1989 Sentencing Act by considering the [Appellant's] numerous criminal charges when determining the length of his sentence?" *See* Tenn. R. App. P. 27(a)(4) for the compliance requirements of the rule. Nonetheless, we extend review of the issue of the manner of service of the sentence, which is addressed within the argument portion of the Appellant's brief, as noted above.

only to his convictions, in enhancing his sentence and denying alternative sentencing. The State argues that "[g]iven the [Appellant]'s extensive criminal record and such a young age, the trial court did not abuse its discretion in sentencing the [Appellant] to two additional years over the presumptive sentence of three years." As to alternative sentencing, the State argues that "the record supports the trial court's finding that the [Appellant] had an extensive history of criminal convictions and prior failures at alternative sentencing, both factors in determining suitability for alternative sentencing."

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. *See* T.C.A. § 40-35-401, Sentencing Comm'n Comments. When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2006). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). When conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the defendant on his or her own behalf; and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

## I. Sentence Enhancement

We first address the Appellant's challenge to the length of his sentence, based upon the trial court's application of enhancement factors. The plea agreement reached in this case provided that the Appellant would plead guilty to aggravated burglary, a Class C felony, and be sentenced as a Range I, Standard offender. The corresponding sentence for such an offense is not less than three nor more than six years. T.C.A. § 40-35-112(a)(3) (2006). The trial court found no mitigating factors applicable and applied two enhancement factors in imposing a five-year sentence.

The Appellant's conduct occurred subsequent to the enactment of the 2005 Amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. *State v. Stacey Joe Carter*, No. M2005-02784, SC-R11-CD (Tenn. May 19, 2008). As further explained by our supreme court in *Carter*,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [T.C.A.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the

offense," *id*. § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," *id*. § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," *id*. § 40-35-103(5).

*Id*. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. *Id*. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. *Id*. If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration to the principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not disturb the sentence even if we would have preferred a different result. *State v. Pike*, 978 S.W.2d 904, 926-27 (Tenn. 1998).

The trial court found the following enhancement factors applicable in this case:

(1) The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; [and]
       . . . .
(8) The defendant, before trial or sentencing, has failed to comply with the conditions of a sentence involving release into the community[.]

*See* T.C.A. § 40-35-114(1), (8) (2006).

As to the application of enhancement factor (1), the trial court noted that the Appellant's record, as reflected in the presentence report, contained multiple misdemeanor and felony convictions. The trial court further discussed the myriad of "charges that never went to conviction" or were dismissed. In discussing the numerous dismissed charges, the trial court opined that they represented "a history of being around crimes." Nonetheless, the record further demonstrates that the trial court, in applying enhancement factor (1), focused on the Appellant's prior convictions, rather than dismissed charges, in finding the factor applicable, as evinced by the following statement at sentencing: "The other [dismissed charges] might have some bearing on criminal behavior, but the convictions are so multiple it really doesn't matter, the convictions carry the day on an enhancement here by far. . . . So the enhancing factor of a previous history of criminal convictions certainly is established." Because the numerous dismissed charges against the Appellant did not constitute the basis for sentence enhancement by the trial court, we need not address the Appellant's argument on this issue insofar as it alleges a violation of due process.

The presence report indicates that the Appellant has nine prior convictions, which include convictions for burglary of an automobile, aggravated burglary, an unspecified "weapons offense," attempted aggravated burglary, two separate offenses of simple possession of a Schedule II controlled substance, simple possession of a Schedule IV controlled substance, theft, and driving under the influence. We conclude that the record clearly supports the trial court's finding that enhancement factor (1) was applicable based upon the Appellant's history of criminal convictions in addition to those necessary to establish the appropriate range.

Additionally, the record supports the finding of the trial court that the Appellant has "a history of not complying with release into the community." As correctly noted by the trial court, the presence report reflects that the Appellant has had sentences of probation revoked on three prior occasions. Accordingly, the trial court did not err in applying enhancement factor (8), "the defendant, before trial or sentencing, has failed to comply with the conditions of a sentence involving release into the community."

Our review leads us to conclude that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration to the factors and principles set out under sentencing law, and its findings of fact are adequately supported by the record. Accordingly, the Appellant's challenge to the length of his sentence is without merit.

## II. Denial of Alternative Sentence

The Appellant also argues that the trial court erroneously considered his lengthy history of dismissed criminal charges in denying him alternative sentencing options and ordering a sentence of confinement.

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing options. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for the laws and morals of society, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6) (2006) (emphasis added). Tennessee Code Annotated section 40-35-303(a) (2006) provides, "A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is ten (10) years or less." Accordingly, because the Appellant's effective sentence in this case was five years, we will address the trial court's denial of an alternative sentence.

When determining if incarceration is appropriate, a trial court should consider if: (A) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit

similar offenses; or (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)).

At the conclusion of the sentencing hearing, the trial court denied alternative sentencing, stating its findings on this issue as follows:

> Now looking at the method of service. Here again probation seems to be ruled out because he's had probation three different times and he's been revoked on – or has been revoked on three different times, and [has], in fact been revoked and sent to the penitentiary on one of his charges. So probation is not something that he's shown any ability to comply with and he . . . apparently can't stay away from drugs. This very event was because he apparently couldn't stay away from drugs at a time that – I mean that's what he's using as an excuse that he was high on drugs. So clearly he's a person that's got significant issues with alternative sentencing. Our obligation under the sentencing laws is to make sure that sentences requiring confinement meet at least one of the three criterion that is set forth. In his case, it appears that two of the three criterion will be met. That is confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct. That can't be denied in this case.

> And then sub part (c) of 40-35-103(1), the first one was (a), part (c), measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant, and there again the three revocations would seem to argue against a probationary sentence because he's had, as I say, three different probations that were revoked.

> Further, the purposes of sentencing under 40-35-101 says punishment shall be imposed to prevent crime and promote respect for the law . . . and . . . restraining defendants with a lengthy history of criminal conduct. That seems to be the unfortunate situation in this case at hand.

We agree with the trial court's determinations that a sentence of incarceration was warranted under both subsection (A) and (C) of Tennessee Code Annotated section 40-35-103(1). Subsection (A) provides that a sentence of confinement may be imposed if "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." T.C.A. § 40-35-103(1)(A). Subsection (C) provides that a sentence of confinement may be imposed when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *Id.* at -103(1)(C). Because the record demonstrates that the trial court properly considered the sentencing principles and all relevant facts and circumstances, these findings of the trial court are presumed correct. *See* T.C.A. § 40-35-401(d); *Ashby*, 823 S.W.2d at 169. After review, we conclude that the trial court did not err in denying the Appellant alternative sentencing.

## CONCLUSION

Based upon the foregoing, the judgment of the Grundy County Circuit Court is affirmed.

_____
DAVID G. HAYES, SENIOR JUDGE